IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION



| | | |
|---|---|---|
| JAMIE WAZELLE, *et al.*, | § § | |
| Plaintiff, | § § | |
| v. | § § | 2:20-CV-203-Z |
| TYSON FOODS, INC., *et al.*, | § § | |
| Defendants. | § § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendants Ernesto Sanchez, Kevin Kinikin, and Farren Fernandez's ("Defendants") Motion to Dismiss (ECF No. 5). For the following reasons, the Motion is **GRANTED**. Plaintiffs' Motion for Leave to File (ECF No. 42) is also **DENIED** as moot.

### BACKGROUND

Plaintiffs were employees of Defendant Tyson Foods' meat-packing plant located in Amarillo, TX during the first half of 2020. ECF No. 1-14 ("First Amended Petition") at 9. As the COVID-19 pandemic swept across the United States, many states, including Texas, began to implement precautionary measures to slow the spread of the virus. *Id.* Effective April 2, 2020, Texas Governor Greg Abbott issued a stay-at-home order, but Plaintiffs allege they were required to continue to work at Tyson Foods' meatpacking plant. *Id.*

While working at the plant, Plaintiffs allege that they were exposed to and contracted COVID-19 — both before and after Governor Abbott's order. *Id* at 10. Asserting claims for negligence, gross negligence, and wrongful death, Plaintiffs brought suit in Texas state court naming Ernesto Sanchez, Kevin Kinikin, and Farren Fernandez as defendants. ECF No. 1-3 at 9. Plaintiffs alleged these individuals "failed to fulfill their job duties to provide a safe working

environment to Plaintiffs." *Id.* Plaintiffs later amended their state petition to include Tyson Foods as a Defendant. First Amended Petition at 8.

On August 28, 2020, Defendants timely removed the case to this Court under 28 U.S.C. § 1442(a)(1). ECF No. 1 at 4. On September 4, 2020, Defendants Sanchez, Kinikin, and Fernandez filed a Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6), arguing that Plaintiffs have failed to state a claim upon which relief can be granted. ECF No. 5 at 3.

## LEGAL STANDARDS

"To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'" *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of the cause of action will not do." *Twombly*, 550 U.S. at 555 (internal marks omitted). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *In re Katrina*, 495 F.3d at 205 (quoting *Twombly*, 550 U.S. at 555) (internal marks omitted). "The court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Id.* (quoting *Martin K. Eby Constr. Co., Inc. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)) (internal marks omitted).

The Court must "begin by identifying the pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). After assuming the veracity of any well-pleaded allegations, the Court should then "determine whether they plausibly give rise to an entitlement of relief." *Id.* "A claim has facial

2

plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citation omitted). This standard of "plausibility" is not necessarily a "probability requirement," but it requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (internal marks omitted). "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

After a case has been removed under the federal officer removal statute, "[a] federal court's role . . . is similar to that of a federal court sitting in diversity." *Winters v. Diamond Shamrock Chem. Co.*, 941 F. Supp. 617, 620 (E.D. Tex. 1996). "Accordingly, the federal court applies the choice of law rules of the forum state to determine the applicable law." *Id.* In this case, Texas substantive law controls.

ANALYSIS

A. **Plaintiffs' Factual Allegations**

According to Plaintiffs' First Amended Petition, Defendants Sanchez, Kinikin, and Fernandez respectively held the roles of General Manager, Production Maintenance Supervisor, and Human Resources Manager. *Id.* at 9. Because of these roles, Plaintiffs allege Defendants were "directly responsible for implementing a safe work environment at Tyson's Amarillo, Texas meatpacking plant." *Id.* at 9–10. Plaintiffs further allege that Defendants were "also directly responsible for implementing and enforcing adequate safety measures to prevent the spread of COVID-19 to Tyson employees." *Id.* at 10.

Plaintiffs aver that, upon information and belief, Defendants "failed to issue masks to employees, institute six feet barriers between employees, limit contact between employees, and create ride share alternatives to the Plant's bus system. *Id.* As a result, Plaintiffs allege they contracted COVID-19 at Tyson's meatpacking plant. *Id.*

Defendants Sanchez, Kinikin, and Fernandez now move to dismiss the claims against them, arguing that the Plaintiffs' "claims cannot be asserted against the Employee-Defendants." ECF No. 5 at 2. Defendants argue that "because workplace duties are 'nondelegable' and belong 'solely' to the employer, such claims can only be brought against Tyson." *Id.* The Court agrees.

### B. Sanchez, Kinikin, and Fernandez did not owe an independent duty to other Tyson Foods employees.

Under Texas law, *employers* have a nondelegable duty to provide a safe working environment for their employees. *Leitch v. Hornsby*, 935 S.W.2d 114, 117 (Tex. 1996); *Kroger Co. v. Elwood*, 197 S.W.3d 793, 794 (Tex. 2006). When the employer is a corporation, the law charges the corporation itself, not the individual corporate officer, with the duty to provide the employee a safe workplace. *Leitch*, 935 S.W.2d at 117. A corporate officer or agent's individual liability arises only when the officer or agent owes an *independent duty of reasonable care* to the injured party apart from the employer's duty. *Id.*

In *Leitch*, an employee sued his employer, Pro Com Marketing Services, and two individuals who were officers, directors, and stockholders of Pro Com Marketing Services after suffering an injury while on the job. *Id.* at 116. The employee sued the corporate officers partially "because of their positions" within the company. *Id.* at 117. The employee alleged that "all three defendants did not provide a safe work place and equipment [and] did not provide proper equipment." *Id.*

4

The Texas Supreme Court held that "a corporate officer acting on the corporation's behalf does not owe a corporate employee an individualized duty to provide that employee with a safe work place." *Id.* at 118. The Texas Supreme Court reached that conclusion by reasoning that actions by the officers, "whether active or passive, were actions of a corporate officer on behalf" of the corporation and are "deemed" the corporation's acts. *Id.* at 118.

This case falls squarely into *Leitch*. Nowhere in Plaintiffs' First Amended Complaint is there even *an attempt* to differentiate the duties owed by the individual defendants and those owed by Tyson Foods as a corporation. *See In re Butt*, 495 S.W.3d 455, 464 (Tex. App.—Corpus Christi 2016) (Plaintiffs cannot impose liability on "employees where the employer and the employees committed identical negligent acts or omissions.").

Plaintiffs' Response to the Motion only confirms that there is no difference in duties owed. Consider Plaintiffs' arguments:

- *Tyson* failed to take adequate precautions to protect the workers at its meatpacking facilities. ECF No. 14 at 2 (emphasis added).

- Here, the three named Defendants *held positions* that necessarily placed a duty on them to implement policies and practices to prevent the spread of COVID-19. *Id.* at 7 (emphasis added).

- These Defendants failed to fulfill their *job duties*. *Id.* (emphasis added).

- In short, *Tyson's conduct*, effectuated through both Tyson Foods and the other named Defendants, was negligent. *Id.* at 3 (emphasis added).

Each of these arguments demonstrate that the alleged acts of negligence are identical. Furthermore, each argument reinforces Defendants' contention that they had no *separate* duties apart from their duties as employees.[1]

---

[1] Defendants state the inclusion of these Plaintiffs is "a transparent attempt to defeat diversity jurisdiction." ECF No. 5 at 3. The Court is inclined to agree. But Defendants have not pled improper joinder nor argued whether that doctrine should apply here. Accordingly, the Court does not rule on the issue nor does the Court determine if diversity jurisdiction exists. In any event, the Court has found jurisdiction in this case under the federal officer removal statute.

### C. Any attempt to amend is futile.

Plaintiffs have requested the opportunity to amend their complaint. ECF No. 14 at 7. According to Federal Rule of Civil Procedure 15(a)(2), "the court should freely give leave [to amend before trial] when justice so requires." Fed. R. Civ. P. 15(a)(2). But it is within the district court's discretion to deny a motion to amend if it is futile. *Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 872–73 (5th Cir. 2000). An amendment is considered futile if "the amended complaint would fail to state a claim upon which relief could be granted." *Stripling*, 234 F.3d at 872–73.

The premise of Plaintiffs' suit is rooted in Tyson Foods' duty to provide a safe working environment. ECF No. 1-14 at 11. "Even if Plaintiffs amended their complaint a second time, corporate employees, individually, still would not have a duty to provide a safe working environment. Thus, any amendment to the complaint would be futile." *Fields v. Brown*, No. 6:20-CV-475-JCB (N.D. Tex. Feb. 11, 2021), ECF No. 21.

### CONCLUSION

For the reasons set forth above, Defendants' Motion to Dismiss (ECF No. 5) is **GRANTED**. Plaintiffs' claims against Ernesto Sanchez, Kevin Kinikin, and Farren Fernandez are **DISMISSED WITH PREJUDICE**.

**SO ORDERED.**

June 25, 2021.

MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE